UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN ASH-DAVIS,
Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
Defendant

Case No. 1:06-cv-648
(Weber, J.; Hogan, M.J.)

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 16), and defendant's memorandum in opposition. (Doc. 17).

On September 6, 2007, this Court issued a Report and Recommendation that plaintiff's case be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 13). On October 31, 2007, the District Court adopted the undersigned's recommendation and issued a final appealable order. (Doc. 14). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.*, 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff's application for attorney fees was filed on December 21, 2007. (Doc. 16). Thus, plaintiff's motion is timely and properly before the Court.

The EAJA provides:

A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

### Prevailing Party

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, plaintiff's net worth was less than $2,000,000. Moreover, plaintiff became the "prevailing party" when he obtained a reversal and remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

### Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis

2

in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as an atomized line-items."). It is the government's burden under EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001), citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991); *United*

3

*States v. 5,507.38 Acres of Land*, 832 F.2d 882, 883 (5th Cir. 1987). *See also Howard v. Heckler*, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412 (d)(2)(D).

In the present case, the Commissioner contends its position was substantially justified because the Court agreed with the Commissioner's position with respect to two of the errors raised by plaintiff[1] and that the partial success in supporting the ALJ's decision supports a finding of substantial justification. When viewed as a whole, however, the Court finds the Commissioner's position was not reasonably based in law and fact. The ALJ lacked a reasonable basis for his conclusion that plaintiff could perform a significant number of jobs in the national economy and was not disabled. The ALJ determined that plaintiff was capable of performing a limited range of sedentary work. The ALJ based his RFC finding on an improper application of the well-established legal standards for determining weight to the opinions of a treating physician, in this case Dr. Donovan. In this regard, the ALJ ignored the objective and clinical evidence of record supporting Dr. Donovan's assessment, including Dr. Donovan's progress notes (Tr. 717-722, 829-846); plaintiff's history of myocardial infarction, 2002 angioplasty with stent placements, three coronary artery bypass grafts, and August 2003 stent placement, all of which Dr. Donovan was fully aware (Tr. 854, 797); the June 2004 cardiac catheterization showing 60% blockage in the right coronary artery; testing showing severe hypertension with severe elevation of LV end-diastolic pressure; sleep testing showing moderate obstructive sleep apnea; clinical examinations showing bilateral lower extremity swelling; and a myocardial

---

[1] With respect to the ALJ's findings on plaintiff's mental functioning and Listing 4.04. (Doc. 13 at 26-28).

4

perfusion study showed a apical scarring. (Tr. 698-706, 739, 797, 870, 872, 886). In addition, the ALJ unreasonably included only those selected portions of Dr. Donovan's assessment which supported his RFC finding to the exclusion of Dr. Donovan's other restrictions which would preclude work activity. By selectively choosing the portions of Dr. Donovan's assessment which cast plaintiff in a capable light to the exclusion of those portions which show plaintiff in a less-than-capable light, along with the ALJ's reliance on his own lay medical opinion in place of the opinion of Dr. Donovan, the Commissioner's decision to support the ALJ's denial of benefits lacked substantial justification. *See Howard*, 376 F .3d at 554 ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge is without substantial justification."). Also, in assessing plaintiff's credibility, the ALJ ignored the objective and clinical findings of record which supported plaintiff's complaints of pain and limitations, mischaracterized the record in finding plaintiff received only conservative treatment since his 2002 operation, and wholly failed to acknowledge the strong evidence suggesting at least a closed period of disability in this case. In view of the above, the ALJ's decision denying disability was without a reasonable basis in the record. The Court therefore finds that the Commissioner's position in this matter was not substantially justified.

## Special Circumstances

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is

5

entitled.

**Calculation of Fee Award**

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

With respect to the first of these factors, *i.e.,* the prevailing market rate charged by Social Security practitioners in southwestern Ohio, the Court held as long ago as 1992 that the applicable rate is at least $100.00 per hour. *See, e.g., Hayes v. Sullivan,* Case No. 1:89-cv-681 (S.D. Ohio Aug. 31, 1992)(Doc. 18); *Hines v. Sullivan,* Case No. 1:89-cv-364 (S.D. Ohio Sept. 16, 1992)(Doc. 26). Accordingly, the Court so finds here as well. More recently, the Court has awarded EAJA fees of $147.25 per hour. *See Malone-Hill v. Commissioner of Soc. Sec.,* Case No. 1:01-cv-119, (S.D. Ohio Aug. 21, 2002)(Doc. 13).

The Court next examines the second and third statutory criteria, namely the cost of living and other "special factors." Plaintiff has not requested an increase in the rate based upon the cost of living or any "special factor." *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, the Court need not address these inquiries.

The Court next turns to a discussion of the applicable hours plaintiff's counsel worked relative to the Sentence Four reversal, *i.e.,* the hours to which the $125.00 hourly rate shall be

6

applied. The Commissioner has not challenged the number of hours submitted by counsel and, after review, the Court finds such hours reasonable and relevant to the prosecution of this matter. Compensation for the 20.75 hours at the $125.00 hourly rate yields an attorney fee of $2593.75. Counsel has requested costs and expenses of $350.00 for the filing of the complaint. Such costs are compensable under EAJA. 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court finds the requested fee by counsel to be reasonable and should be awarded under EAJA.

The Court therefore **RECOMMENDS** that the EAJA fee petition filed by plaintiff's counsel be **GRANTED,** and that counsel be **AWARDED $2593.75** in attorney fees and **$350.00** in costs for a total award of **$2,943.75.**

Date: 3/18/08

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendation ("R&R").  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail.  That period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).